UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TAMESHA RENEE IRVING,

    Plaintiff,

v.                                                 Case No. 17-cv-1251-pp

NANCY BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

On September 15, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

Based on the facts presented in the affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The plaintiff is neither employed nor married, but supports four dependents: three daughters and a granddaughter. Dkt. No. 2 at 1. She states that her monthly income is $605.00

and that she receives $58.00 bi-weekly in child support payments. Her total monthly expenses amount to approximately $1,800.00 for rent, groceries, clothing, utilities, cell phone, cable and transportation. The plaintiff further says that she does not own a home, does not own a car, and does not have any checking or savings accounts. Given the wide difference between the plaintiff's monthly income and her monthly expenses, the court concludes from that information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff states that she does not believe the Commission's conclusions and findings of fact are supported by substantial evidence, and/or are contrary to law and regulation. Dkt. No. 1 at 3. She asserts that she has had a series of mental health issues that have gotten worse, and that she sees numerous doctors and specialists. Id. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of

the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 2).

Dated in Milwaukee, Wisconsin this 3rd day of November, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**